**(B)     Sentencing of Youthful Individuals**

**§5H1.1.   Age (Policy Statement)**

Age ~~(including youth)~~ may be relevant in determining whether a departure is warranted~~, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines~~. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense. In an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing. In determining whether a departure based on youth is warranted, and the extent of such departure, the court should consider the following:

(1) Scientific studies on brain development showing that psychosocial maturity, which involves impulse control, risk assessment, decision-making, and resistance to peer pressure, is generally not developed until the mid-20s.

(2) Research showing a correlation between age and rearrest rates, with younger individuals rearrested at higher rates and sooner after release than older individuals.

Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction).

* * *

**Issues for Comment**

1.    The Commission seeks general comment on sentencing of younger individuals, including how to balance brain development research suggesting potentially lower culpability with research on higher rearrest rates and potential dangerousness. The Commission further seeks comment on any relevant developments in legal or scientific literature relating to the impact of brain development and age on youthful criminal behavior. For example, are there particular research studies, experts, or practitioners that the Commission should consult?

2.    The Commission seeks comment on whether it should amend §5H1.1 (Age (Policy Statement)) as set forth in Part B of the proposed amendment or otherwise change the provision in any other way with respect to youthful individuals. Should the Commission include additional or different factors for courts to consider in determining whether a downward departure based on youth may be warranted?